UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| RANDALL SCOTT WILLIAMS, | ) | |
| | ) | |
| | ) | Civil Action No. 13-309-KKC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANCISCO QUINTANA, *Warden*, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Randall Scott Williams is an inmate confined in the Federal Medical Center located in Lexington, Kentucky. Williams has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 188-month federal sentence imposed for committing various drug and related firearm offenses. [R. 1] Williams has been granted *in forma pauperis* status in this proceeding. *See* Order, R. 6.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Williams' petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003),

accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Williams can not pursue his claims under 28 U.S.C. § 2241.

**BACKGROUND**

On September 10, 2009, a federal grand jury in Florida returned a five-count Indictment charging Williams with possession with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) (Counts 1, 2, and 3); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g) and 924(e) (Count 4); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§924(c)(1)(A) (Count 5). *United States v. Williams*, No. 1:09-CR-20786-CMA-1 (S. D. Fla. 2009) [R. 1, therein]

Williams initially entered pleas of not guilty to the crimes charged and the case proceeded to trial before a jury, but after the district court denied his motion to suppress physical evidence, motion to suppress statements he made, and motion to sever, Williams entered into a negotiated plea agreement with the Government on November 17, 2009. *See* Plea Agreement [R. 31, therein] On that same date, Williams appeared before the district court for a change of plea hearing at which he pleaded guilty to the first four counts, and the Government moved to dismiss the fifth count pursuant to the Plea Agreement. Before accepting Williams's guilty plea, the district court conducted a plea colloquy to determine whether Williams was capable of entering the plea, whether the plea was knowing and voluntarily, and whether Williams was satisfied with

his counsel's representation and advice.[1] Satisfied with Williams' responses to the questions, the district court accepted Williams' guilty plea and adjudicated him guilty on counts one through four. On January 26, 2010, the district Court sentenced Williams to a 188-month prison term, on the low end of the advisory guideline scale, and to a 5-year supervised release term. [R. 36, therein] Williams did not appeal either his conviction or his sentence.

On January 7, 2011, Williams filed a filed a motion seeking relief from his sentence pursuant to 28 U.S.C. § 2255. *Williams v. United States*, No. 11-20089-CIV-ALTONGA/White (S. D. Fla. 2011) [R. 1, therein] Williams argued that his § 2255 motion should be decided by a jury; that federal officials lacked authority to criminally charge him; that the district court lacked subject matter jurisdiction to preside over his criminal proceeding; that he received ineffective assistance of counsel during his criminal proceeding; and that the district court imposed a bill of attainder against him. As to his ineffective assistance of counsel claim, Williams argued that his counsel: (1) misled him about the severity of his then-potential sentence; (2) failed to properly investigate his case, and specifically failed to investigate the legality of the search warrant; and (3) failed to object to both an allegedly incorrect pre-sentence investigation report and the enhanced sentence which was imposed.

---

[1] During the Plea Colloquy , the district court recited the elements of the charged crimes and advised Williams that it would determine his sentence after considering the advisory federal sentencing guidelines and a presentence investigation report, prepared by the Probation Office, which would recommend a sentencing guidelines range. The district court further advised Williams that it would consider other statutory factors to determine sentence; that the ultimate sentence might be higher or lower than the recommended guidelines range; and that it had the authority to impose a sentence up to the statutory maximum. Williams told the district court that he understood and agreed with the sentencing implications of entering a guilty plea. The district court expressly informed Williams that as to Counts 1 to 3, a maximum term of imprisonment of twenty years was possible and, as to Count 4, it could impose a possible term of life. Williams was also told that his prison term would be followed by a period of supervised release. Williams again indicated that he understood and agreed with the possible maximum sentences. The district court thereafter fully explained to Williams each and every other provision of the plea agreement, and Williams stated that he understood the terms of the plea agreement.

3

On June 28, 2011, the Magistrate Judge issued a lengthy report recommending that the § 2255 motion be denied, concluding that all of Williams' Sixth Amendment ineffective assistance of counsel claims lacked merit. [R. 8, therein] Williams filed a construed objection to the report, but on July 21, 2011, the district court adopted the Magistrate Judge's Report and Recommendation and denied Williams' § 2255 motion. [R. 11, therein] Williams filed a motion objecting to the dismissal, which motion the district court denied [R. 14, therein], but Williams did not appeal the denial of his § 2255 motion.

**CLAIMS ASSERTED IN THE § 2241 PETITION**

Williams challenges the district court's determination that he qualified as a career offender under § 924(e)(1), and its decision to enhance his sentence based upon that determination. Williams claims this prior convictions should not have counted "towards the sentencing provisions of 924(e)(1)," and that he is "...actually innocent of being a career offender." [R. 1, p. 4] Williams further contends that any prior convictions which were used to enhance his sentence should have been set forth in the Indictment, submitted to a jury, and proven beyond a reasonable doubt. Thus, Williams contends that his enhanced sentence violates his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution. In support of this claim, Williams relies on *Begay v. United States*, 553 U.S. 137 (2008), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).[2]

---

[2] *Begay* holds that DUI convictions are not violent felonies under the ACCA. *Begay*, 553 U.S. at 144–48. Subsequent cases extended *Begay*'s analysis to other categories of criminal offenses. *See*, *e.g.*, *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687, (2009), (holding that felony escape convictions based on the a defendant's failure to report were not violent felonies under the ACCA).
  *Sykes* interpreted the applicability of 18 U.S.C. § 922(g)(1) to an Indiana statute that criminalized a driver's "knowingly or intentionally" flee[ing] from a law enforcement officer." *Sykes*, 131 S. Ct. at 2271.

4

Finally, Williams states, "The Attorney in this case failed to give notice of an appeal," [R. 1, p. 5]. The Court broadly construes this statement as claim that Williams was denied effective counsel during his criminal proceeding, in violation of his Sixth Amendment rights.

**DISCUSSION**

Williams is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Williams challenges the constitutionality of his sentence on Fifth Amendment, and possibly Sixth Amendment, grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Rumler v.*

*Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002) As explained below, Williams's remedy under § 2255 remedy was not inadequate and ineffective to challenge his federal detention.

First, in his § 2241 petition, Williams challenges the term of his sentence and the fact that the district court enhanced his sentence pursuant to § 924 (e)(1). However, when Williams was sentenced in January 2010, he was, or should have been, aware of any facts and circumstances supporting his contention that the district court improperly determined that he was a career offender. At that time, he could and should have raised this issue on direct appeal, but he did not do so. Williams did file a § 2255 motion alleging that his counsel was constitutionally deficient for failing to object to an allegedly improper sentence. However, in denying Williams' § 2255 motion, the district court rejected William's Sixth Amendment challenge, noting that at his sentencing, Williams stated under oath that he was aware of, and understood, all of the relevant sentencing factors which could result in his receiving a life sentence.[3]

Thus, to the extent that Williams continues to allege in his § 2241 petition that his sentence was improperly calculated, he does nothing more that recycle the same unsuccessful Fifth and Sixth Amendment claims which the district court previously rejected under § 2255. As discussed, the remedy provided under § 2255 is not rendered inadequate and ineffective if

---

[3] In its July 21, 2011, Order denying Williams' § 2255 motion, the district court explained:

> Before sentencing, he [Williams] was specifically advised of the possible sentences he faced — up to life in prison. (*See* Plea Agreement ¶ 3 [ECF No. 7-2]; Plea Hr'g 11:1–5, Nov. 17, 2009 [ECF No. 7-3]). When pleading guilty, Williams asserted he understood what his then-pending sentence could have amounted to. (*See* Plea Hr'g 11:1–8 (stating Williams understood that he faced up to life in prison). Considering that Williams was aware he was facing life in prison even if he pleaded guilty, it cannot be said that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Williams v. United States*, No. 11-20089-CIV-ALTONGA/White (S. D. Fla. 2011) [R. 11, p. 8, therein]

the prisoner raised a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id*., at 758. Williams has not established that his remedy under § 2255 was an inadequate means of challenging his detention.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *see Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).

To show "actual innocence," the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S.

7

137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Williams has not, however, cited a new rule of law which the Supreme Court has made retroactively applicable and which affords him relief from his sentence.

To the extent Williams states in his § 2241 petition that his trial counsel "...failed to give notice of an appeal, " [R. 1, p. 5] his statement could be construed as a Sixth Amendment claim alleging ineffective assistance of counsel under *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012).[4] However, these cases do not assist Williams because they do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See Buenrostro v. United States*, 697 F.3d 1137,1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

Further, Williams does not allege that he is actually innocent of the underlying drug and firearm offenses of which he was convicted; he alleges only that the district court improperly enhanced his sentence based on his status as a career criminal. An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501,

---

[4] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*.

501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Claims alleging sentencing error, such as the claims which Williams asserts in this proceeding, can not serve as the basis for an actual innocence claim. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003). Federal courts in this and other circuits have consistently held that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence as to their underlying *convictions*, not their *sentences*. *See Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

Finally, Williams' reliance on *Begay* and its progeny is misplaced. In *Brown v. Hogsten*, No. 6:11-CV-140-KSF (E.D. Ky. 2011), a federal prisoner filed a § 2241 petition challenging the enhancement of his sentence under § 924 (e), arguing that his prior conviction for burglary

9

did not constitute a "violent felony" under *Begay*. This Court denied Brown's § 2241 petition; Brown appealed, and the Sixth Circuit affirmed. *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (stating that *Begay* "...is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim.") In his § 2241 petition, Williams is asserting the same *Begay* claim which Brown unsuccessfully advanced in his habeas petition. Thus, Williams fails to set forth a claim that warrants relief under § 2241.

In summary, Williams has not established that his remedy under § 2255 was inadequate or ineffective to challenge his detention, nor has he alleged a claim of actual innocence. The Court will therefore deny Williams' habeas petition because he may not assert his Fifth and Sixth Amendment claims in a habeas corpus proceeding under § 2241.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1). Randall Scott Williams' 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

(2). The Court will enter an appropriate judgment.

(3). This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This January 22, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY